FOSS, Appellant, v. YOUNG, Respondent. (Supreme Court, Appellate Term. December, 1901.) Action by William H. Foss against Annie Young. B. W. B. Brown, for appellant. Aaron Morris, for respondent.

SCOTT, J. This is an action for a broker's commission for procuring a loan on real estate. The trial was had before a jury. Upon con-

flicting evidence whether or not the loan was procured through the efforts of the plaintiff, the jury found in defendant's favor; and, since no motion for the direction of a verdict was made by the plaintiff, the judgment must be affirmed, unless some error of law appears in the admission or rejection of testimony or in the charge of the justice. Objection is made that at one stage of the case plaintiff was not permitted to testify to certain conversations with one Gray, claimed to have been attorney in fact for the defendant. This error, if error it was, was subsequently cured, because, after Gray had given his version of these conversations, plaintiff was recalled and permitted to testify as fully as he chose in regard thereto. Objection is also taken to certain questions put to the treasurer of the bank which ultimately made the loan, asking him upon whose application the loan was made, and whether or not it was made on the application of the plaintiff. The contention now is that this was asking the witness to give his conclusion as to the result of certain facts, and not to state the facts themselves. A reference to the record shows that this objection was not made at the time the questions were put. If it had been, possibly the court would have recognized its force. The question whether the loan was made on the application of the plaintiff was put by the court. The counsel for plaintiff stated no ground of objection, but merely excepted. The question on whose application the loan was made was excepted to as calling for a conclusion of law, which it obviously did not. The charge was not excepted to. One request to charge was refused, but no exception was taken thereto. Judgment affirmed, with costs. All concur.